IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RODNEY D MOTT,

    Plaintiff,

v.                                       CASE NO. 5:10-cv-00146-SPM-AK

KATHLEEN L FUHRMAN, et al,

    Defendants.

_____/

**O R D E R**

This matter is before the Court upon the filing of a complaint (doc. 1), which has been reviewed pursuant to 28 U.S.C. §1915A.

Plaintiff brings this cause under 42 U.S.C. §1983 alleging that the defendants have violated his Eighth Amendment right to nutritionally adequate food by serving him "soy-based" meals which have caused him "cramps, gas, and other gastrointestinal symptoms." He alleges that he is forced to consume as much as 100 grams of soy per day and this exceeds FDA recommendations. He seeks declaratory and injunctive relief, and compensatory damages.

Plaintiff refers to the "lead case," and asserts that he has the same claims. Indeed, an earlier filed case, Harris v. McNeil, Case No. 5:10cv76-RS/MD, asserts these same

claims and has recently been dismissed for failure to state a claim for relief. The Court finds that the claims asserted here should also be dismissed.

**I.     Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (citations and internal quotations omitted). If the facts as pleaded do not state a claim to relief that is plausible on its face, the complaint may be dismissed. See id., (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).

**II.     Analysis**

The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993).  However, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." Whitley v. Albers, 475 U.S. 312, 319 (1986).  After incarceration, "only the 'unnecessary and wanton infliction of pain' . . .constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Ingraham v. Wright, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citations omitted)). Claims challenging conditions of confinement under the Eighth Amendment must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. Rhodes v.Chapman, 452 U.S. 337, 347 (1981); see also Hamm v. DeKalb County, 774 F.2d 1567, 1571-72 (11th Cir. 1985).

The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the "minimal civilized measure of life's necessities." Wilson v.Seiter, 501 U.S. 294, 303 (1991). It is well-established that inmates must be provided nutritionally adequate food, "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White ,761 F.2d 975 (4th Cir. 1985) (quoting Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981)); French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985). The food need not be "tasty or aesthetically pleasing" but merely "adequate to maintain health." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996), amended by 135 F.3d 1318 (9th Cir. 1998); Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994); LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.1993); Green v. Ferrell, 801 F.2d 765, 770 (5th Cir. 1986) (quoting Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir. 1977)); Cunningham v. Jones, 567 F.2d 653, 659-60 (6th Cir. 1977); see also Hamm v. DeKalb County, 774 F.2d at 1575 ("The Constitution requires that prisoners be provided "reasonably adequate food."). Federal courts cannot be concerned with a prison menu to which inmates believe they are entitled. See, Tunnel v. Robinson, 486 F.Supp. 1265, 1269 (W.D. Penn. 1980). As this Court found in the "lead case," Plaintiff has failed to allege any facts to support his claim that 100 grams of soy protein is harmful or the cause of his gastrointestinal problems. (See Case No. 5:10cv76-RS/MD, Doc. 31, pp. 6-7). The FDA regulation at issue, 21 CFR §101.82, approves a health claim for use in

food labeling that states "25 grams of soy protein a day, as part of a diet low in saturated fat and cholesterol, may reduce the risk of heart disease." 21 CFR §101.82(e)(1). It is *not* a logical inference to make from this regulation, that if 25 grams of soy protein are good for you, then more grams must be bad.

Finally, insofar as Plaintiff asserts a claim of indifference to his specific medical needs, *i.e.* that Defendants ignored or otherwise failed to treat his gastrointestinal problems, he sues Secretary Walter McNeil, Kathleen Fuhrman, the nutrition manager, and Charles Terrell, who approves state menus, all of whom are located at Central Office and none of whom would oversee or in anyway be connected to Plaintiff's immediate medical care at Apalachee Correctional Institution.

Accordingly, it is

**ORDERED:**

That this cause be DISMISSED for failure to state a claim for relief.

DONE AND ORDERED this 23rd day of August, 2010.

    *s/ Stephan P. Mickle*
    Stephan P. Mickle
    Chief United States District Judge